UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07910-JWH-MAA                                          Date:  July 27, 2023

Title:  Demitris Sullivan v. Robert G. Luna

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

|              Narissa Estrada              |              N/A              |
|-------------------------------------------|-------------------------------|
|              Deputy Clerk                 |    Court Reporter / Recorder  |

Attorneys Present for Petitioner:           Attorneys Present for Respondent:
              N/A                                           N/A

**Proceedings (In Chambers):**   **Order to Show Cause Why the FAP Should Not Be Dismissed as Moot**

On October 28, 2022, Petitioner Demitris Sullivan ("Petitioner"), acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ("Petition," ECF No. 1.) On February 23, 2023, Petitioner filed the operative First Amended Petition, which alleges four grounds for federal habeas relief: (1) after deeming Petitioner incompetent to stand trial, the state court deferred setting a trial date and therefore denied Petitioner his right to a speedy trial; (2) involuntary commitment to a mental hospital after being found incompetent to stand trial violates Petitioner's due process rights; (3) involuntary medication is imminent and Petitioner has a liberty interest in avoiding involuntary administration of anti-psychotic medication; and (4) abstention under *Younger v. Harris*, 401 U.S. 37, 41 (1971) ("*Younger*"), is unwarranted because a determination of incompetence may be immediately reviewable under the collateral order doctrine. (ECF No. 15, at 3–4.)[1] On February 24, 2023, Petitioner filed a Motion for Appointment of Counsel. (ECF No. 16.)

On March 1, 2023, the Court issued an Order Requiring Response to FAP. (ECF No. 18.) On March 10, 2023, the Court granted Petitioner's Motion for Appointment of Counsel and appointed the Office of the Federal Public Defender to represent Petitioner in this action. (ECF No. 21, at 2.) On March 30, 2023, Respondent Robert G. Luna ("Respondent") filed a Motion to Dismiss the FAP on the basis that abstention under *Younger* was required due to Petitioner's ongoing state court competency proceedings and that Petitioner had failed to exhaust state court remedies ("Motion"). (ECF No. 24, at 6–7, 14–20.) The Court granted Petitioner three extensions

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07910-JWH-MAA                                      Date:  July 27, 2023

Title:      Demitris Sullivan v. Robert G. Luna

of time in which to file an opposition to the Motion.  (ECF Nos. 27, 29, 33.)  On June 14, 2023, Petitioner's counsel filed a Status Report stating that Petitioner was found to have regained competency in his ongoing state criminal proceedings.  ("Status Report," ECF No. 30.)  On July 21, 2023, Petitioner, through counsel, filed a Notice of Non-Opposition to the Motion in light of counsel's inability to find "any non-frivolous legal grounds for opposing" the Motion but that Petitioner had indicated his desire to continue litigation of the FAP notwithstanding counsel's non-opposition to the Motion.  (ECF No. 34, at 2.)

      The Court has an independent obligation to consider its own subject-matter jurisdiction.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  Federal courts are barred from hearing matters in the absence of a live case or controversy.  *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  To meet the case or controversy requirement of Article III, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings.  *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003).  "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."  *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

      In this case, Petitioner's habeas claims challenge his involuntary commitment and medical treatment stemming from a finding that he was incompetent to stand trial, and the deferral in setting his trial date that resulted from being deemed incompetent to stand trial.  (FAP 3–4.)  Since the filing of the FAP and the Motion, Petitioner has been found competent to stand trial and his state criminal proceedings have resumed.  (Status Report 4 (referencing Los Angeles County Superior Court case numbers NA112909 and BA501449).)  Accordingly, because Petitioner is no longer subject to the incompetency ruling from which he seeks relief, he hereby is **ORDERED** to show cause, in writing, **by no later than August 26, 2023**, why the FAP should not be dismissed as moot.  Petitioner shall file one of the following responses to this Order to Show Cause:

1. If Petitioner concedes that the action is moot, Petitioner may file and serve a written response so stating.  If Petitioner elects this option, the Court will issue a recommendation that the action be dismissed without prejudice as moot.  Alternatively, in lieu of the response described above, Petitioner may dismiss this action voluntarily.  For this purpose, the Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-07910-JWH-MAA                                             Date:  July 27, 2023

Title:     Demitris Sullivan v. Robert G. Luna

    2.      If Petitioner does not concede that the action is moot, he must file a written response explaining in detail why the case is not moot, providing relevant facts and legal authorities.

**Petitioner is cautioned that failure to respond to this Order by August 26, 2023 may result in a recommendation that the FAP be dismissed without prejudice as moot, and/or for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

Attachments:
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))